IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TREY JONES | * | |
| | * | C.A. No. 2:12-cv-_____ |
| VS. | * | |
| | * | |
| NUECES COUNTY, TEXAS | * | |
| JIM KAELIN, NUECES COUNTY | * | |
| SHERIFF'S DEPARTMENT, | * | |
| NICHOLAS ORTEGA, CHRISTUS | * | |
| SPOHN HEALTH SYSTEMS | * | Plaintiff Requests a Jury Trial |
| CORPORATION | * | |

<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Trey Jones, hereinafter Plaintiff and files this Plaintiff's Original Complaint complaining of Nueces County, Texas (hereinafter "Nueces County"), Jim Kaelin, Nueces County Sheriff, (hereinafter "Sheriff Kaelin") and Nicholas Ortega, individually, (hereinafter Ortega), and Christus Spohn Health Systems Corporation (hereinafter "Spohn") collectively referred to as Defendants, and would show the court as follows:

**PARTIES**

1.      Plaintiff is an individual residing in Nueces County, Texas at the time of the incident and may be served with process by and through Plaintiff's attorney of record, William H. Berry, Jr. and Gail D. C. Dorn, Law Office of William H. Berry, Jr., at P. O. Box 23064, Corpus Christi, Texas 78403. Plaintiffs are persons with relevant knowledge

and is expected to provide testimony by deposition or live testimony at trial.

2.      Defendant Nueces County, is a county situated in the State of Texas. Defendant can be served with process by and through the county judge Loyd Neal. Defendant can be served with process at 901 Leopard Street, Corpus Christi, Nueces County, Texas 78401. Defendant's representatives are persons with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial. [*Tex. Civ. Prac. & Rem. Code Ann. §17.024*]

3.      Defendant, Jim Kaelin, is the Sheriff of Nueces County at the time of the incidents alleged in this litigation, and can be served with process at the Nueces County Jail, 901 Leopard Street, Corpus Christi, Texas 78401. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

4.      Defendant, Nicholas Ortega, is an individual who may be served with process at 6440 Everhart, #8B, Corpus Christi, Texas 78413. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

5.      Defendant Christus Spohn Health Systems Corporation is a Texas non-profit corporation believed to have a contractual obligation to provide the medical care and treatment to persons incarcerated at the Nueces County Jail, at the time of the incident the subject matter of this litigation. Defendant can be served with process by serving its registered agent for service, Corporation Service Company at 211 East 7th

Street, Suite 620, Austin, Texas 78701.  Defendant's representatives are persons with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

6.     Whenever in this petition it is alleged that defendant Nueces County, Christus Spohn Health Systems did any act or thing, it is meant that defendant's officer, agents, servants, employees, or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of defendant or was done in the normal and routine course and scope of employment of defendant's officer, agents, servants, employees or representatives.

## STATEMENT OF JURISDICTION

7.     This court has original jurisdiction pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988, and 42 U.S.C. §1981a, because Plaintiff is alleging that the Defendants' violated Plaintiff's Civil Rights. This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 (a) for the causes of action Plaintiff has asserted under Texas common and statutory law, including but not limited to the Texas Tort Claims Act, *V.T.C.A. Civil Practice & Remedies Code §101.021 et seq.* and the common law causes of action against the Defendant Nicholas Ortega.

## VENUE

8.     Proper venue lies in Corpus Christi, Nueces County, Texas pursuant to 28 U.S.C. §1402 because the Plaintiff resides in Nueces County Texas, at the time of the incident and the action complained of occurred in Nueces County, Texas and the

Defendants Nueces County and Sheriff Jim Kaelin conduct business in Nueces County, Texas.

## CONDITIONS PRECEDENT

9.     Plaintiff would show that Plaintiff has complied with all conditions precedent entitling Plaintiff to assert the claims made in the petition. Plaintiff communicated with Nueces County in a letter dated April 23, 2010, advising Defendant Nueces County, Texas of the incident and Plaintiff received injuries as a result of a beating at the Nueces County Jail.

10.     Plaintiff presented his claim to the Nueces County Commissioner's Court in a letter dated December 27, 2011, pursuant to and in compliance with *Tex. Loc, Gov't Code Ann. §89.004 (West 2006)*. Defendant rejected Plaintiff's claims in a letter dated February 16, 2012.

## FACTS

11.     On or about March 18, 2010, while incarcerated at the Nueces County Jail in Corpus Christi, Texas, plaintiff was attacked and beaten by a Nueces County Jailer, Defendant Nicholas Ortega. The incident occurred at the Nueces County Jail building located on Lipan Street, Corpus Christi, Texas. During Plaintiff's incarceration at the Nueces County Jail, Plaintiff had encounters with Defendant Ortega that Plaintiff believed was abusive and oppressive. Plaintiff had filed several grievances against Defendant Ortega. Defendant Ortega and Plaintiff "had words" and defendant Ortega expressed animosity towards Plaintiff. On the night of the incident, Plaintiff requested

toilet paper. Defendant Ortega appeared at Plaintiff's cell, and there were words between Plaintiff and Defendant. Defendant Ortega slammed Plaintiff up against the wall. Defendant kicked Plaintiff several times causing Plaintiff's nose and face to bleed. The trustee gave Plaintiff a mop to clean up his own blood from the cell floor.

12.     As a direct and proximate result of the beating Plaintiff suffered a broken nose, cut lip, and a broken thumb. Plaintiff suffered a severely injured wrist and injuries to Plaintiff's chest, shoulder, ribs and head. Plaintiff continues to suffer from severe headaches, frequent nose bleeds and Plaintiff's nose remains misaligned. Plaintiff coughed up blood after the incident. Plaintiff continues to suffer pain and impairment to his wrist and shoulder.

13.     It was obvious that Plaintiff suffered severe injuries and damages. It was obvious that Plaintiff's nose was broken. Plaintiff was clearly bleeding. The pain Plaintiff suffered was open and obvious to layman and to jail personnel and jail medical personnel. Defendants failed to provide the minimal or even basic medical treatment required. Defendant refused and failed to either perform or order an x-ray of the nose, hand, wrist, shoulder, ribs, or chest, to determine the extent of the damage. Defendant refused and failed to get immediate medical assistance or refer Plaintiff to a doctor or health care professional licensed or knowledgeable in the Ear, Nose and Throat or send Plaintiff to an ENT medical doctor for evaluation, diagnosis, and treatment. It is common knowledge that a broken nose not set within 24 hours results in a deviation that obstructs normal breathing through the nose and promotes mouth breathing with the attendant health

problems with which deviation and the consequences of deviation is associated. If the septum is deviated and there  is blockage of the nasal passages the normal expected drainage of  the sinus into the nose is obstructed and sinus drainage is forced directly into the throat increasing the medial likelihood of  strep or other infections of the throat or sinus cavity.

14.     Failing to refer Plaintiff for immediate setting of a deviated septum, requires the nose to be re-broken, which must be conducted under anesthesia and generally requires surgical intervention and likely result in several days of hospitalization with the attendant pain and suffering of the original break.

15.     Plaintiff would show that he had filed several grievances complaining of Defendant Ortega utilizing the Nueces County Jail Procedures and all complaints were ignored. Plaintiff alleges that the Defendant Ortega initiated the beating and physical injury caused to the Plaintiff because the Plaintiff exercised his First Amendment rights to follow the grievance procedure regarding Jail conditions.

16.     Plaintiff requested and was refused medical treatment for his injuries suffered from the beating by Defendant Ortega. Plaintiff filed grievances complaining that he was being denied medical treatment.

17.     Defendant Nicholas Ortega was subsequently terminated from the Nueces County Jail and it is believed that criminal proceedings were brought against him for the incident giving rise to this litigation.

18.     Defendant Nueces County has a contractual agreement with Defendant

Christus Spohn Health Systems Corporation to provide health care to the persons incarcerated at the Nueces County Jail during the time that the injuries were inflicted on the Plaintiff and the time that Plaintiff remained incarcerated at the Nueces County Jail subsequent to the injuries.

19.     Plaintiff would show that the personnel who staffed the Nueces County Jail infirmary failed to provide the necessary and adequate medical treatment or to refer the Plaintiff for proper medical diagnosis and treatment to a competent health care provider.

20.     Defendant Spohn personnel has the responsibility to provide the medical treatment to incarcerated persons such as Plaintiff and failed to treat or properly diagnose Plaintiff for his medical condition that was inflicted upon Plaintiff by Nueces County jailer personnel. Defendant Spohn failed to provide adequate medical assistance to Plaintiff, for his severe injuries or properly diagnose and refer or arrange for Plaintiff being transported to a health care provider for proper treatment. Defendant Spohn failed to properly evaluate Plaintiff's medical condition, failed  to immediately have Plaintiff taken to an appropriate medical treatment facility or health care provider, failed administer proper medical treatment, failed to contact or refer Plaintiff to a proper health care facility, physician, or health care provider for Plaintiff's injuries and medical condition.

21.     Plaintiff would show that the facts stated above constitute conduct, acts and omissions that violated Plaintiff's constitutional rights protected by the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, and that the conduct, acts and omissions as stated in the "FACTS" paragraphs of this Complaint were

a direct and proximate cause of the constitutional violations and such conduct, acts and omissions were a direct and proximate cause of Plaintiff's damages and injuries alleged herein.

## 8TH Amendment, 4th Amendment 5th Amendment and 14th Amendment – Excessive Force and Inadequate Medical Care

22.    Plaintiff relies upon the facts as stated in the "Facts" paragraphs in support of his causes of action for violations of his civil rights, and the facts are incorporated herein as if fully set forth. Plaintiff alleges in this Complaint that the defendants conduct, acts and omissions violated Plaintiff's civil rights, that Defendants conduct, acts and omissions were a direct and proximate cause of the violation of Plaintiff's civil rights and the defendants conduct, acts and omissions were a direct and proximate cause of Plaintiff's injuries, of which injuries were directly and proximately caused from the violation of Plaintiff's civil rights alleged in this complaint.

23.    Plaintiff would show that all the Defendants violated Plaintiff's civil rights under the 42 U.S.C. §1983, because Defendants conduct violates Plaintiff's Fourth Amendment and Fourteenth and/or Eighth Amendment rights of the United States Constitution for use of excessive force during Plaintiff's incarceration at the Nueces County Jail.

24.    Defendants Nueces County, Ortega, and Kaelin in his representative capacity unnecessarily and wantonly inflicted pain on the Plaintiff. The use of force was excessive and unnecessary. The force was not applied in a good faith effort to maintain or

restore discipline. Defendants used force against the plaintiff maliciously and sadistically, for the very purpose of causing plaintiff harm; and plaintiff suffered harm as a result of the defendant's improper use of force.

25.     Plaintiff would show that Defendants Nueces County and Sheriff Kaelin and Spohn violated Plaintiff's civil rights under the 42 U.S.C. §1983, because Defendants conduct violates Plaintiff's Fourteenth and/or Eighth Amendment rights of the United States Constitution for failure to provide adequate medical care and treatment for Plaintiff's injuries that were inflicted on the Plaintiff during his incarceration, and the conduct, acts and omissions are a direct and proximate cause of the violation of Plaintiff's civil rights and are a direct and proximate cause of Plaintiff's injuries.

26.     Defendants conduct, acts and omissions violated plaintiff's civil rights because Plaintiff was denied adequate medical care or alternatively, received inadequate medical care. Defendants exhibited deliberate indifference to Plaintiff's serious medical needs.  Defendants displayed deliberate indifference to an illness or injury of the plaintiff; Plaintiff's injuries was serious;  and Plaintiff was injured as a result of the Defendants acts or omissions regarding Plaintiff's injury.

27.     Plaintiff would show that the Defendants Nueces County and Sheriff Kaelin and Spohn violated Plaintiff's civil rights under 42 U.S.C. §1983, because Plaintiff had serious medical needs resulting from the injuries inflicted on Plaintiff during his incarceration at Nueces County Jail. Defendants knew or should have known of Plaintiff's medical needs yet Defendants knowingly, recklessly, willfully, and with

deliberate indifference and maliciously disregarded the Plaintiff's medical needs and condition which constituted an excessive risk to the Plaintiff's health and welfare. Defendants should have the following:

        a.     proper policies and procedures to identify medical conditions for persons being detained, arrested, and/or incarcerated, by the City or County;

        b.     adopt and enforce policy and procedures that protect persons constitutional rights;

        c.     apply policy and procedures in a constitutional manner;

        d.     adopt or enforce proper training of personnel in persons with medical conditions that are inflicted upon persons within their care while incarcerated at Defendants' facility.

28.     Defendants conduct, acts and omissions alleged above, were committed knowingly, recklessly, willfully, wantonly and with deliberate indifference, and malicious disregard, all of which constitutes cruel and unusual punishment in violation of the Fourteenth and/or Eighth amendment of the United States Constitution. Such conduct, acts and omissions, are the proximate and producing cause of Plaintiff injuries and damages alleged herein. Such conduct, acts and omissions are the proximate and producing cause of violations of Plaintiff's civil rights.

29.     As a result of the Defendants concerted unlawful and malicious abuse of the Plaintiff during Plaintiff's incarceration, Defendants knowingly, recklessly, willfully, wantonly, or with deliberate indifference and callous disregard of the Plaintiff's rights

deprived Plaintiff of his constitutional rights, in violation of the Eighth, Fifth, and Fourteenth Amendments of the United States Constitution, all of which was a proximate and producing cause of Plaintiff's injuries.

30.    As a result of the Defendants concerted unlawful incarceration, of Plaintiff, Defendants knowingly, recklessly, willfully, wantonly, or with deliberate indifference and callous disregard of the Plaintiff's rights deprived Plaintiff of his constitutional rights, in violation of the Eighth, Fifth, and Fourteenth Amendments of the United States Constitution, all of which was a proximate and producing cause of Plaintiff's injuries alleged in this complaint.

31.    Defendants Nueces County and Sheriff Kaelin's and Spohn's concerted unlawful failure to provide adequate medical evaluation and care to Plaintiff, was done knowingly, maliciously, recklessly, wantonly, and willfully, or with deliberate indifference and callous disregard of the Plaintiff's rights, and deprived Plaintiff of his constitutional rights, in violation of the Eighth, Fifth, and Fourteenth Amendments of the United States Constitution, all of which was a proximate and producing cause of Plaintiff's injuries alleged in this complaint.

32.    Defendants failed to have proper facilities, policies, and procedures to evaluate, immediately transfer, properly and safely process, Plaintiff to insure that Plaintiff received adequate medical care for the injuries inflicted on the Plaintiff while incarcerated at Defendant's facility, all of which was a proximate and producing cause of Plaintiff's injuries alleged in this complaint and which was a proximate and producing

cause of the violations of Plaintiff's civil rights.

33.     Defendants Nueces County and Christus Spohn failed to properly train its personnel, failed or have proper policies and procedures or training of its jail personnel regarding detainees or inmates who have medical conditions. Defendants conduct, acts and omissions was a proximate and producing cause of Plaintiff's injuries alleged in this complaint and which was a proximate and producing cause of the violations of Plaintiff's civil rights by the following.

a.      by allowing inmates within Defendant's custody and control to be injured by Defendant's employees;

b.      by assigning employees with known or suspected propensities to violence towards inmates and placing such employees in positions where the employees have access to inmates.

c.      by failing to properly assess and identify and perform proper investigation into Defendant's employees with violent or improper tendencies to cause harm to inmates;

d.      by failing to adopt, promulgate policies, procedures and regulations to protect persons they take and persons within their custody and control;

e.      by adopting or promulgating policies and procedures that are inadequate or insufficient,

f.      by failing to enforce or utilize policies, procedures, and regulations,

g.      by enforcing policies and procedures in a manner and method that

violates detainees or inmates civil rights,

      h.     by failing to properly train or educate its jail personnel,

      i.     by failing to discipline or enforce violations of policies, procedures, rules, regulations, or violations of the law, policies, procedures that were undertaken in violation of detainees and inmates civil rights.

34.     Acting under color of law and pursuant to official policy or custom, Defendant Sheriff Kaelin and Defendant Nueces County knowingly, recklessly, or with deliberate indifference, maliciousness, and calloused disregard of Plaintiff's rights, failed to instruct, supervise, control, and discipline, on a continuing basis Defendants in the operation and condition of the jail, and in their duties, which was a proximate and producing cause of Plaintiff's injuries and was a proximate and producing cause of the violation of Plaintiff's civil rights. Defendants

      a.     failed to adopt and have in place a plan to evaluate and properly handle those persons who are injured while incarcerated at the Defendant's facility.

      b.     failed to follow necessary and minimal policies and procedures in evaluating and handling persons who are injured while incarcerated at the Defendant's facility.

      c.     failed to adopt, interpret, enforce policies that are unconstitutional,

      d.     adopted, interpreted and enforced policies in an unconstitutional manner,

e.      unlawfully and maliciously harass and mistreat persons who are incarcerated in the jail and under their supervision and control;

f.      unlawfully and maliciously mistreat persons incarcerated who are acting in accordance with the person's constitutional and statutory rights, privileges, and immunities;

g.      unlawfully and maliciously mistreating and denying Plaintiff his rights and remedies while incarcerated in the jail;

h.      fail to take adequate and necessary action to discourage or discipline its personnel who violate citizen's civil rights;

i.      fail to properly train its law enforcement personnel,

j.      failed to properly investigate the violent propensities of its personnel both prior to hiring its personnel and in retaining its personnel;

k.      otherwise deprived Plaintiff of his constitutional and statutory, rights, privileges, and immunities.

35.     Defendants Nueces County and Sheriff Kaelin had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs, as heretofore alleged, were about to be committed. Defendants Sheriff Kaelin and Nueces County had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights failed or refused to do so. Such conduct was

malicious, and the conduct, acts and omissions was a proximate and producing cause of Plaintiff's injuries alleged in this complaint and which was a proximate and producing cause of the violations of Plaintiff's civil rights

36.     Defendants Nueces County and Sheriff Kaelin and Spohn directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants and the operation and condition of the jail heretofore described.

37.     As a direct and proximate and producing cause of the Defendants conduct, acts and omissions alleged herein in the "FACTS" paragraph, *supra,* and , Plaintiff suffered the damages asserted in this Complaint, and said violations of Plaintiff's civil rights are a proximate and producing cause of Plaintiff's injuries alleged in this complaint and which conduct, acts or omissions were the proximate and producing cause of the violations of Plaintiff's civil rights

## 1st Amendment

38.     Plaintiff relies upon the facts as stated in the "Facts" paragraphs in support of his causes of action for violations of Plaintiff's First Amendment Rights under the United States Constitution alleged herein and the facts are incorporated herein as if fully set forth. Plaintiff would show that any assertions by the Defendants they were justified in the force used against Plaintiff because of (1) alleged statements made by Plaintiff to or about the Defendant Ortega or any other Nueces County employee, which Plaintiff denies making any derogatory statements or comments against any officer or employee of

Nueces County, (2) any such alleged the words or alleged action by Plaintiff, if the judge or jury should find were  said, were not the type of words or actions that would incite danger to property or persons, including Plaintiff; and constitute the exercise of Plaintiff's First Amendment rights, for which Plaintiff was wrongfully and illegally punished by law enforcement personnel. The defendants response to Plaintiff's first amendment rights is a direct and proximate cause of the violation of Plaintiff's first amendment rights and is a direct and proximate cause of Plaintiff's injuries that were the direct and proximate cause of the violation of Plaintiff's civil rights in violation of the First Amendment of the United States Constitution.

## VIOLATIONS OF TEXAS TORT CLAIMS ACT

39.    Plaintiff would show that the facts alleged in the "FACTS" paragraph, *supra,* and incorporated herein as if fully set forth, constitute violations by the Defendant Nueces County constitutes a violation of the Texas Tort Claims Act, *V.T.C.A. Civil Practice & Remedies Code §101.021 et seq.* Plaintiff suffered grievous personal injuries caused by the wrongful act or omission or negligence caused by the condition or use of tangible personal property. Additionally Plaintiff suffered personal injuries from the County and from employees of the Defendant County by reason of the employees' negligence, wrongful act or omission because the employees would be personally liable to Plaintiff according to Texas law. The wrongful conduct, acts, and omission of the Defendants is the proximate and producing cause of the Plaintiff's damages alleged herein.

## VIOLATION 42 U.S.C. §1981 VIOLATION

40.    Plaintiff relies upon the facts as stated in the "Facts" paragraphs in support of his claims under 42 U.S.C. §1981, and the facts are incorporated herein as if fully set forth. Plaintiff would show that Defendants conduct acts or omissions was committed knowingly, recklessly, deliberately, capriciously, willfully, and wantonly, and with malicious disregard of Plaintiff's constitutional rights, entitling plaintiff to recover actual and exemplary damages and attorney fees under the Civil Rights Act of 1991, 42 U.S.C. §1981a, for the wrongful conduct of the Defendants alleged in the "Facts" paragraph above, and in violation of 42 U.S.C. §1983.

## FEDERAL COMMON LAW VIOLATION CIVIL RIGHTS

41.    Plaintiff would show that the facts as alleged in the "FACTS" paragraphs, and incorporated herein as if fully set forth, constitute liability by all of the Defendants because defendants violated federal law and Plaintiff's civil rights under the Fourth, Fifth, Eighth, Fourteenth Amendments of the United States Constitution, and violated rights under federal statutes, which conduct by the Defendants is a proximate and producing cause of Plaintiff's damages alleged herein. Plaintiff brings this cause of action under common law pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

## NEGLIGENCE

42.    Plaintiff would show that the conduct, acts and omissions of the Defendant Ortega and Christus Spohn Health Systems Corporation as set forth in the "FACTS"

paragraphs, *supra,* incorporated herein as if fully set forth, constitutes negligence, which is the proximate cause of Plaintiff's damages alleged herein, for an amount within the jurisdictional limits of this court.

## ASSAULT AND BATTERY

43.     Plaintiff would show that the conduct and acts of the individual defendant Ortega as set forth in the "FACTS" paragraphs, *supra*, incorporated herein as if fully set forth, constitutes assault and battery which is a proximate and producing cause of Plaintiff's damages alleged herein, for which Plaintiff seeks recovery from the individual defendant Ortega.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44.     Plaintiff would show that the conduct and actions of Defendant Ortega as set forth in the "FACTS" paragraphs, supra, incorporated herein as if fully set forth constitutes intentional infliction of emotional distress that is a proximate and producing cause of Plaintiff's damages in an amount within the jurisdictional limits of this court.

## DAMAGES

45.     Plaintiff would show that as a proximate and producing cause of Defendants' conduct, acts, or omissions, as set forth in the 'FACTS" paragraphs, *supra*, incorporated herein as if fully set forth, and the paragraphs alleging the violation of Plaintiff's First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, and Defendant Nueces County violation of the Texas Tort Claims Act, and Ortega's acts of negligence, assault and battery and intentional infliction of emotional

distress, all was a producing and proximate cause of Plaintiff's damages and injuries that

Plaintiff has suffered the following elements of damages:

a.    Physical pain and mental anguish in the past and that will in all likelihood

be incurred in the future;

b.    Disfigurement in the past and that will continue into the future;

c.    Physical impairment in the past and that will in all likelihood continue into

the future;

d.    Medical care and hospital, doctor, and reasonable, necessary and customary

costs and expenses for his medical care and treatment in the past and that

will in all likelihood be incurred in the future.

e.    Plaintiff's out of pocket expenses;

f.    Plaintiff's consequential damages;

g.    Litigation costs and expenses, and expert fees and expenses.

Plaintiff reserves the right to replead and allege further elements of damages, and Plaintiff

alleges damage in an amount within the jurisdictional limits of this court.

## GROSS NEGLIGENCE and MALICE

46.    Plaintiff would show that the conduct, acts, or omissions of the Defendants

as set forth in the "FACTS" paragraphs, *supra*, incorporated herein as if fully set forth

constitutes gross negligence (against Defendant Ortega) and malice (against all

Defendants), in which the Defendants had a specific intent to cause substantial injury to

Plaintiff, or Defendants committed acts or omissions or wrongful conduct when viewed

objectively from the standpoint of Defendants at the time of its occurrence , involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

## ATTORNEY FEES

47.     The undersigned attorneys have been retained by plaintiff to pursue the cause of action alleged herein.  Plaintiff is entitled to recover attorney fees; which are reasonable and necessary in this cause. The undersigned counsel, William H. Berry, Jr. and Gail D. C. Dorn are expected to testify as expert witnesses at the time of trial as to the reasonable and necessary incurrence of said attorney fees. These attorney's fees are:

a.      Reasonable and necessary attorney fees for the preparation and trial of this cause.

b.      Reasonable and necessary attorney fees for an appeal to the Court of Appeals or Circuit Court.

c.      Reasonable and necessary attorney fees for making or responding to an appeal or writ of certiorari to the United States Supreme Court; and

d.      Reasonable and necessary attorney fees for making or responding to a certified question to the Texas Supreme Court; and

e.      Reasonable and necessary attorney fees for an appeal to the United States Supreme Court in the event an appeal or writ of certiorari is granted.

f.  Reasonable and necessary attorney fees for collection of the judgment in this case or fees incurred upon remand of the case by any appellate court for a redetermination of all or any portion of a judgment.

## INTEREST

48.  Plaintiff is entitled to recover prejudgment and post judgment interest at the highest rate allowed by law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon a trial on the merits, that the Plaintiff be awarded Plaintiff's actual damages against all defendants and exemplary damages against the individual defendant; and Plaintiff's reasonable and necessary attorney fees, prejudgment and post judgment interest at the highest rate allowed by law, costs of court, against all defendants; and for all other relief to which Plaintiff is entitled in law and equity.

Plaintiff requests a jury trial.

Respectfully submitted,

/s/ *William H. Berry, Jr.*

**WILLIAM H. BERRY, JR.**
Attorney in Charge for Plaintiff
Texas Bar 02251000, Federal I.D. No. 1155
P. O. Box 23064
Corpus Christi, Texas 78403
(361) 888-5568, FAX: (361) 888-5578
e-mail: berrylaw@sbcglobal.net

/s/ *Gail D. C. Dorn*

**GAIL D. C. DORN**
Attorney for Plaintiff
Texas Bar 06007350, Federal ID 16311
P. O. Box 23064
Corpus Christi, Texas 78403
Gail Direct (361) 815-5569
e-mail: berrylaw@sbcglobal.net